No. 397

SEARS, ROEBUCK & CO. v. KELLER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7280. Decided May 9, 1927

225. CHARGE TO JURY—Failure of trial court to charge explicitly as to whether an agent had authority to make binding contract, and charging that plaintiff only had to prove said agent a representative of the company is error.

Judges Richards, Williams & Lloyd, of 6th Dist., sitting.

First Publication of this Opinion

RICHARDS, J.

The original action was brought in the Cuyahoga Common Pleas by William E. Keller against the Sears, Roebuck Co. and resulted in a verdict of $2000 in his favor.

Keller was the owner of a vacant lot in the village of Euclid, on which he desired to have a house erected. He conveyed the property to Corwin Waite and a contract was made between him and the Waite Construction Co. for the erection of an "Honor Bilt," Sears, Roebuck & Co. dwelling. The constrhction company failed, the lot was reconveyed to Keller and it was claimed by him that the Sears, Roebuck & Company agreed with him if he would finish the job they would reimburse him for the amount expended. He contends he completed the job, removed mechanics' liens and was out $2800. The Company denied the contract, and also that any agent of theirs had such authority to make a contract.

The Court of Appeals held:

1. The first and vital issue in this case in that relating to the claimed authority of Lotz to represent Sears Roebuck & Co. Unless he had authority to represent the company in that behalf the plaintiff could not recover.

2. On this subject, the trial court charged the jury in general language that there could be no contract unless the minds met and the duty rested on the plaintiff to show that a contract was made between the authorized representative and himself.

3. The real issue was not whether he was such representative but whether he was impowered on behalf of the company to enter into the contract claimed to have been made.

4. The trial court refused to charge explicitly on this subject and therefore committed prejudicial error.

Judgment reversed.

Attorneys—A. L. Bishop for Company; C. J. Agnew and Lex Kintner for Keller; all of Cleveland.

No. 398

BRANDT v CINCINNATI (City)

Ohio Appeals, 1st Dist., Hamilton, Co.

No. 2920. Decided Jan. 24, 1927

531. FINES & PENALTIES—When affidavit charges the offense of violating an order, and ordinance provides fine therefor not to exceed $100, court cannot impose fine in excess of $100 under charge of affidavit.

First Publication of this Opinion

PER CURIAM.

Jacob Brandt was charged and convicted in the Cincinnati Municipal Court of a violation of 1026-3 of the ordinances of the City of Cincinnati, and the trial judge assessed a fine of $600 against him.

The penalty for a violation of this ordinance provides "Any owner, lessee or occupant of such building, etc. who shall violate any of the provisions of Sec. 1026-3 - - shall on conviction be fined in any sum not exceding $100 - - and $5.00 for each day said violations shall continue."

The affidavit charged that Brandt on June 24, 1924, had been notified in writing to remove all rubbish in basement and second floor, etc. - - as ordered by the Chief of the Fire Department and had failed, from said date, to comply with the order. Error was prosecuted from municipal court to the Hamilton Common Pleas, and upon the affirmance of the judgment error proceedings to this court were perfected. The Court of Appeals held:

1. The affidavit charged but one offense, the offense of violating the order, and Brandt was given 24 hours to comply therewith.

2. The affidavit does no more than charge a violation of this order, and the section explicitly provides that for such violation a party convicted may be fined any sum not exceeding $100.00.

3. The court in assessing the fine, must have considered daily violations and assessed a fine of $5.00 for one hundred days. If this was done, the court was in error, as the affidavit does not charge such offense.

4. Case remanded with instructions for re-sentence within the power of the court as provided in the ordinance, to wit:—any sum not exceeding $100.00.

Judgment reversed and cause remanded.

(Buchwalter, PJ., and Hamilton & Cushing, JJ., concur.)

Attorneys—Robert Black and H. A. Bolsinger for Brandt; John D. Ellis and John J. O'-Donnell for City; all of Cincinnati.